05925 - 26

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

PRESTON LEWIS, individually and as )
Executor of the Estate of )
PHYLLIS LEWIS, DECEASED, )
                        )
             Plaintiff, )    CIVIL ACTION FILE
                        )
                        )    NO. O 8- A- L 83-G
        vs. )
                        )
D. HAYS TRUCKING, INC., FLOYD DEXTER )
HAYS, HERCULES, INC., BROOKWOOD )
INSURANCE COMPANY, JOHN DOE )
INDIVIDUAL(S) 1-3 and JOHN DOE(S) )
CORPORATION(S) 1-3 )
                        )
        Defendants. )

## COMPLAINT FOR DAMAGES

COMES NOW Preston Lewis, individually and as Executor of the Estate of Phyllis

Lewis, deceased, and states his Complaint for Damages against Defendants as follows:

1.

Defendant Hercules, Inc. ("Hercules") is a foreign corporation authorized to do business

in the State of Georgia. Defendant Hercules may be served by delivering a copy of the Summons

and Complaint to its registered agent for service, Corporation Process Company at 180 Cherokee

Street, NE, Marietta, Cobb County, Georgia 30060.

2.

Defendant Hercules is subject to the jurisdiction of this Court.

3.

Venue is proper in this Court as to Defendant Hercules.

1



EXHIBIT

" 1 "

4.

Defendant Floyd Dexter Hays ("Hays"), is a resident of Louisiana.

5.

Defendant Hays is subject to the jurisdiction of this Court.

6.

Venue is proper in this Court as to Defendant Hays.

7.

Defendant Hays Trucking, Inc. ("Hays Trucking") is a foreign corporation and may be served as provided by law.

8.

Defendant Hays Trucking is subject to the jurisdiction of this Court.

9.

Venue is proper in this Court as to Defendant Hays Trucking.

10.

Defendant Brookwood Insurance Company ("Brookwood") is a non-resident insurance corporation which provided public liability insurance on the tractor trailer unit which was involved in the motor vehicle collision in Chatham County, Georgia, out of which this cause of action arises.

11.

Defendant Brookwood is subject to the jurisdiction and venue of this Court.

12.

Defendants John Does(s) 1-3 individual(s) and John Doe(s) 1-3 corporation(s) are those

2

yet unidentified individuals and/or corporations that may be liable in whole or in part for the damages as alleged herein.

13.

On November 11, 2007, Phyllis Lewis was the owner and driver of a 1988 Jaguar XJ7.

14.

On November 11, 2007, Defendant Floyd Dexter Hays was the driver of a 1993 Freightliner tractor, owned by Defendant Hays Trucking.

15.

Late on the Sunday evening of November 11, 2007, Defendant Hays was driving the 1993 Freightliner Tractor Trailer eastbound on GA 520, a public road in Glynn County, Georgia.

16.

The tractor was owned by Defendant Hays Trucking.

17.

Defendant Hays was hauling a trailer loaded with tree stumps.

18.

Defendant Hays was hauling the trailer loaded with tree stumps on his way to a processing plant in Brunswick, Georgia, which is owned and operated by Defendant Hercules.

19.

Defendant Hays was required by Defendant Hercules to deliver the load by a certain deadline.

20.

At around 11:30 p.m. on November 11, 2007, Defendant Hays was operating the tractor

3

trailer on GA 520 at speeds in excess of 85 miles per hour.

21.

As Defendant Hays was traveling at speeds in excess of 85 miles per hour along GA 520, he came upon the vehicle being operated by Phyllis Lewis within the speed limit and crashed in to the rear of her car.

22.

The force of impact propelled the car off the road causing it to roll over, whereby Phyllis Lewis was ejected through the windshield and suffered massive trauma to her head and chest.

23.

After experiencing conscious pain and suffering, Phyllis Lewis died at the scene.

## COUNT I - NEGLIGENCE *PER SE*

24.

Plaintiff reasserts and realleges each and every allegation set forth in Paragraphs 1 through 22 above, as if set forth fully herein.

25.

Defendant Hays was operating the tractor trailer in the course and scope of his employment and/or agency with Defendants Hercules and/or Hays Trucking.

26.

As decedent's vehicle was lawfully driving eastbound on GA 520, Defendant Hays operated the tractor trailer in a negligent and reckless manner, causing it to strike the rear of decedent's motor vehicle.

27.

Defendant Hays negligently and recklessly failed to obey the posted speed limit, failed to keep a

4

proper lookout and failed to control his vehicle so that the tractor trailer driven by Hays struck decedent's

vehicle from behind.  Defendants' negligence constitutes negligence *per se*.

28.

As a direct, proximate and foreseeable result of Defendants' negligence, decedent suffered injuries

to her head and chest and was transported from the scene.  As a further direct, proximate and foreseeable

result of Defendant's negligence, decedent died on November 11, 2007.

**COUNT II – NEGLIGENCE**

29.

Plaintiff reasserts and realleges each and every allegation set forth in Paragraphs 1 through 27

above, as if set forth fully herein.

30.

At all times relevant hereto, Defendants owed a duty to decedent, and the other

members of the motoring public, to exercise reasonable care in:

      a.     The hiring and retention of its drivers;

      b.     Providing training and instruction to the drivers of its tractor trailers, particularly the
             tractor trailer involved in the accident described herein;

      c.     Properly supervising the drivers of its tractor trailers, particularly the tractor
             trailer involved in the accident described herein;

      d.     Complying with federal, state and/or local regulations dealing with the inspection,
             maintenance and/or operation its tractor trailers, particularly the tractor trailer
             involved in the accident described herein;

      e.     Establishing safe procedures for the operation of its tractor trailers, particularly the
             tractor trailer involved in the accident described herein; and

5

f.  Inspecting, maintaining and repairing its tractor trailers, particularly the tractor trailer involved in the accident described herein.

31.

At all times relevant hereto, Defendants breached the duties set forth above by failing to use reasonable care in the:

a.  Hiring of its drivers, employees and/or agents, including Hays;

b.  Retention of its drivers, employees and/or agents, including Hays, who had an unsafe driving record prior to, and during, his employment as driver for Defendants;

c.  Training of its drivers, employees and/or agents, including Hays;

d   Supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees and/or agents, including Hays;

e.  Supervision of its drivers, employees and/or agents, including Hays;

f.  Instruction of its drivers, employees and/or agents, including Hays;

g.  Entrustment of a tractor trailer to its drivers, employees and/or agents, including Hays;

h.  Inspection of its tractor trailers;

i.  Execution of its business practices and/or procedures;

j.  Failure to comply with state and/or federal regulations;

k.  Failure to properly audit the logs of its drivers, employees and/or agents, including Hays;

l.  Failure to utilize available information to properly monitor its drivers, employees and/or agents, including Hays, for compliance with company policies and/or state and/or federal regulations; and

m.  Other ways which are as yet unknown, but may be revealed after further investigation and

6

discovery.

32.

Additionally, and in the alternative, Defendant Hays was negligent for failing to operate the tractor trailer in a safe and reasonable manner so as to avoid striking decedent's motor vehicle from behind.

33.

As a direct, proximate and foreseeable result of Defendants' negligence, decedent suffered massive head injuries and injuries to her upper torso. As a further direct, proximate and foreseeable result of Defendant's negligence, decedent died on November 11, 2007.

## COUNT III - *RESPONDEAT SUPERIOR*

34.

Plaintiff reasserts and realleges each and every allegation set forth in Paragraphs 1 through 32, Count I and Count II, as if set forth fully herein.

35.

Pursuant to the doctrine *of respondeat superior,* Defendants are responsible for the negligence of Hays who, at all times relevant hereto, was acting in the course and scope of his employment with Defendant Hays and/or Defendant Hercules.

## COUNT IV - PUNITIVE DAMAGES

36.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 34, Count I, Count II and Count III, as if set forth fully herein.

37.

By negligently hiring, retaining, entrusting and/or supervising Hays, Defendants' acts and/or omissions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of Hays's actions.

7

38.

Because Defendants' acts and/or omissions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of its and its employee/agent's actions, Plaintiff moves for punitive damages on behalf of the claim of the estate.

WHEREFORE Plaintiff, individually, and on behalf of decedent's estate, respectfully demands judgment for compensatory damages of and from Defendants for the full value of decedent's life; decedent's conscious pain and suffering from the date of the accident through the date of her death; decedent's medical and burial expenses; interest and costs; punitive damages; and such other and further relief as this Court deems just, mete and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted,

BELL LAW FIRM

By:

LLOYD N. BELL
Georgia Bar No. 048800
Attorney for Plaintiff

Bell Law Firm
Two Ravinia Drive, Suite 1270
Atlanta, Georgia 30346
Tele: (770) 393-1610

8