# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

PRESTON LEWIS, :
individually and as Executor of the :
Estate of Phyllis Lewis, deceased, :
 :
      Plaintiff, : CIVIL ACTION NO.
 : 1:08-CV-1904-JOF
  v. :
 :
D. HAYS TRUCKING, INC., :
et al., :
 :
      Defendants. :

## OPINION AND ORDER

This wrongful death matter is before the court on Plaintiff Preston Lewis's Motion to Remand to State Court [8]. Plaintiff originally brought this matter in state court. Defendants filed a Notice of Removal on the basis of diversity; this notice alleges that "Plaintiff is a citizen of the State of Georgia" and that "Defendant, Hercules, Inc. is a Georgia limited liability [sic] organized under the laws of the State of Georgia with its principal place of business located in Georgia." (Mot., at 3). On June 4, 2008, more than thirty days after acknowledging service in this action, Defendants filed an Amended Notice of Removal seeking to delete paragraph seven alleging that Hercules, Inc., is a Georgia

corporation and to substitute a new paragraph alleging that Hercules, Inc., is a Delaware corporation. Plaintiff filed a Motion to Remand on June 10, 2008.

Plaintiff contends that this court should deny Defendants' Amended Notice of Removal as untimely and that this matter should be remanded to state court for failure to allege complete diversity. Defendants contend that the original paragraph seven was a scrivener's error and point to Mark Johnson's Declaration submitted with the Notice of Removal which states correctly that Hercules, Inc., is a Delaware corporation. (Removal Notice, Ex 3., at 1). Defendants argue that the Amended Notice of Removal does nothing more than correct a defective allegation of jurisdiction and that the court should accept it under 28 U.S.C. § 1653.

Under 28 U.S.C. § 1653, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellant courts." A formal defect in a pleading does not deprive the court of jurisdiction if it is clear that the court had jurisdiction under the facts at the time of filing the complaint. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831-32 (1989); *Kaufman v. Western Union Tel. Co.*, 224 F.2d 773, 725 (5th Cir. 1955). Defective allegations of jurisdiction may be amended even if the time limit for removal has expired. *See Rossi, Turecamo & Co. v. Best Resume Serv., Inc.*, 497 F. Supp. 437, 441 (N.D. Fla. 1980) ("Clearly there is agreement that a petition for removal may be amended after the thirty day period provided the original petition is merely 'defective.'"). The error in the

2

Notice of Removal was a formal defect, which the court will allow Defendant to correct with its Amended Notice. Plaintiff's Motion to Remand is DENIED [8].

**IT IS SO ORDERED** this 17th day of October 2008.

s/ J. Owen Forrester  
J. OWEN FORRESTER  
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)